BEALL, STILES, ET AL., *v.* D. S. MAXWELL.

**Contracts—Consideration.**

The mere agreement by a creditor to release a debt or a part of a debt is not binding for the want of consideration, but when the creditor, by reason of a new contract, obtains additional indemnity or security and in consideration of that fact releases a part of his demand such release can be enforced.

**APPEAL FROM MARION CIRCUIT COURT.**

May 3, 1876.

OPINION BY JUDGE PRYOR:

There is some evidence in the case tending to show that the younger Maxwell was interested in the partnership adventure of D. S. Maxwell & Co., but when considering all the facts bearing upon this branch of the case the decided preponderance of the testimony is against any such conclusion. He lived with his father at the time; and it was but natural that he should take an interest in the success of the speculation, and when talking of the stock use language that might be regarded by others as indicating that he had an interest in it. There is much positive testimony, however, showing that he had no interest, and if he did, the partners themselves, who are known as such, seem never to have been aware of the fact until this controversy originated. One of them heard the old man say that his son was interested, and this being incompetent as against the son, it is a little strange that this was the only information and

the only evidence that the other parties had on his son's interest in the partnership.

Besides, if Joe Maxwell was a partner in the mule adventure, the same character of proof establishes the fact that Beal and Stiles also had an interest with Ray in the same concern. We are satisfied, however, that the idea that those parties were interested was never thought of or even suggested itself, until this effort was made to make the appellee liable for the partnership debts. In order to create the liability, the appellants attempted to show that Joe Maxwell was a partner, and the defense to maintain that appellants were also partners. Neither proposition is established by the proof.

It is certain that the appellants, as indorsees and sureties for the firm of D. A. Maxwell & Co., were in danger of having to pay large sums of money for this company; Miller and Ray were holding on to the assets and refusing to make a fair exposure of the assets in their hands belonging to the firm. Ray was interested in the firm of Beal, Stiles & Co., and to the extent of that interest seems not to be disclosed by this record. The appellants, as indorsers, were anxious to secure as much of the liabilities as possible, and for the purposes of indemnity entered into the contract with D. S. Maxwell on the 10th of April, 1868, by which they agreed to release Maxwell from all liability for the partnership debts in the event he would pay to them, or would pay off the partnership debts, fifteen thousand five hundred dollars. This sum was, at the time the contract was entered into, secured by Maxwell, with Howard and John C. Maxwell as sureties, and has been fully paid. It was further stipulated that the release of Maxwell by Beal and Stiles should also release Miller and Ray from any liability for contribution to Maxwell. Ray and Miller were not parties to the agreement, but both seem to have ratified it, and acted under it; and Miller, at the time the contract was made, in order to carry it into execution, began to disgorge the proceeds of the mule speculation.

It is now insisted by the appellants, they having paid off the partnership debts, that Maxwell is liable to them for the reason that the agreement of the 10th of April, 1868, was without consideration, and for the additional reason that the appellee fraudulently concealed from them the fact that his son was a partner. The question as to the connection of the son with the partnership has already been considered. The argument advanced by counsel for appellant is that the contract between Beal and Stiles and the appellee did not release the latter from liability to the firm creditors, and if sold by them and

compelled to pay the debt, he would have been without remedy against Beal and Stiles. While this position may be regarded as plausible, we see no reason why the appellants would not have been liable over to Maxwell. The mere agreement by the creditors to release a debt or a part of a debt is certainly not binding for the want of consideration; but when the creditor, by reason of a new contract, obtains additional indemnity or security, and in consideration of that fact releases a part of his demand, we see no reason why such a contract cannot be enforced. In the present case the agreement in effect is that "If you will secure to the appellants so much money by giving us the names of Howard and John Maxwell, we will release you from the balance; and not only so, you must by this agreement release your co-partners from any liability to you for contribution. To this agreement the parties affixed their names, and the consideration is sufficient to uphold it.

Miller afterwards entered into a like agreement by which he was released upon the payment of a certain sum of money. Now in an action by Maxwell against Miller for contribution, he having ratified the original agreement, the contract of April, 1868, would be a legitimate defense by Miller in order to prevent the recovery, for the reason that "For a sufficient consideration, the release of a part of this liability, you and Maxwell have agreed to release me; and acting under the agreement I have said to the appellants a certain sum of money, by which I have been released also." Still it is maintained that Maxwell was not released, and therefore all remain bound, and that if Maxwell had paid part of the debt only, instead of securing it, that no release could have resulted from such a consideration.

This is true, but the change of liability, or security for the debt is a sufficient consideration upon which to have the release. A promise by a creditor to accept less than the full amount of his demand is void unless there be some new consideration, as an additional or different security. Chitty on Contracts, page 12. In the present case the appellants were sureties in some of the obligations, and had not paid the debts, and in others were the original payers, and in order to relieve themselves from a part of the liabilities, they changed the relation of the real debtor towards them by the formation of a new contract and the execution of an obligation, with security other than that upon the original undertaking. This was a sufficient consideration for the release. The sureties upon the last obligation were no doubt induced to sign the paper upon the idea that the principal for whom they were pledging their credit was released from the pay-

ment of a large sum of money; and while they are not parties to this appeal or complaining of the action of appellants in attempting to enforce the collection of these claims, it shows the manner in which the rights of parties are affected by such a change of liability, and the validity of the consideration upon which such a contract is based.

Nor can we see why the statute of limitations is not an available defense to the bill of exchange maturing more than five years prior to the institution of the action. These bills are made the basis of the recovery. It is alleged that the appellants, the plaintiffs, are the owners and holders of the paper, that it is unpaid, and therefore they ask a judgment. It is not alleged that these bills were taken up by the appellants as the sureties or indorsers, and that having done so the appellee became liable to them for the amount paid with its interest from the time of payment. The action is not on the implied promise, but has been instituted on the paper itself, making it the foundation of the action. The statutory bar was, therefore, properly pleaded. It is not necessary to notice the demand to which this bar should have been applied, as the case is for the appellee on its merits.

The judgment *affirmed*.

*R. H. Rountree, for appellants. Russell & Averitt, for appellee.*